**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

APR 1 2 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

```
                           #38778-037        )
LESTER FLETCHER, USP HAZELTON              )
   Plaintiff-Petitioner, POB 2000          )
      BRUCETON HILLS, WV 26525             )
                                           )
              v.                           )
                                           )
ERIC HOLDER,                               )
U.S. Attorney General                      )
Of Washington DC
Defendant-Respondent.
```

Civil Action No.

Case: 1:12-cv-00569
Assigned To : Unassigned
Assign. Date : 4/12/2012
Description: Pro Se Gen. Civil

RECEIVED
Mail Room

**MAR 1 2 2012**

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## BIVENS ACTION COMPLAINT TO DISMISS
## THE CONSTITUTIONALITY OF TITLES 18 & 21 U.S.C.
## CHARGES ON FIFTH & TENTH AMENDMENT GROUND

**COMES NOW,** Plaintiff-Petitioner Lester Fletcher acting pro se in this proceed in forma pauperis in this above entitled "Complaint," and, does very respectfully moves this Honorable Court to "Dismiss the Constitutionality of **Titles 18 & 21 U.S.C.** Charges against the **Plaintiff On Fifth & Tenth Amendment Ground** as an infringement upon the powers reserved to the states, **Plaintiff** assert his own injury resulting from disregard of the federal structure; federalism's limitations were not a matter of rights belonging only to the states." (See **EX. A 1-14 United States Supreme Court on June 16, 2011, in Carol Anne Bond Bivens Action Complaint v. United States,** No. 09-1227, the Supreme Court, in a 9-0 decision, granted certiorari. **Bond** had standing to challenge her statue of conviction, **18 U.S.C. §229, on Tenth Amendment grounds** as an infringement upon the powers reserved to the states. Plaintiff could assert her own injury resulting from disregard of the federal structure; federalism's limitations were not a matter of rights belonging only to the states.)

."Plaintiff, without counsel relying on United States Supreme
Court Law in **Haines v. Kerner**, 404 U.S. 519 (1972) (Allegations
in pro se complaint are held to less stringent standards than
formal pleadings drafted by lawyers)."

Plaintiff respectfully moves this Honorable Court to consider
the following in support thereof.

## STATEMENT OF JURISDICTION

This Court has Subject Matter jurisdiction over this Matter
pursuant to 28 USC § 1331 (1976). Under 28 U.S.C. § 1331 (1976),
the **Federal Courts have jurisdiction** to decide all cases "aris[ing]
under the United States Constitution, Law, or treaties of the United
States." This jurisdictional grant provides **not only the authority**
to decide whether a cause of action is stated by a plaintiff's claim
that he has been **injured** by a violation of the Constitution, **Bell v.**
**Hood**, 327 US 678, 684, 90 L Ed 939, 66 S Ct 773, 13 ALR2d 383 (1946),
but also the authority to  choose among available judicial remedies
in order to vindicate constitutional rights.

The  U.S. Supreme Court has fashioned a wide variety of nonstat-
utory remedies for violations of the Constitution by federal and state
officials. See e.g., **William C. Bush v. William R. Lucas**, 462 U.S. 367,
76 L.Ed. 2d 648, 103 S. Ct. 2404 (June 13, 1983), also see, **Bond supra**
@ 180 L. Ed 269. Finally, it is further concretely established that
the United States Supreme Court has held that the Constitution itself
supports [a] private cause of action for damages against a federal
official, i.e., Defendant Eric Holder. **Bivens v. Six Unknown Fed. Narc-**
**otics Agents**, 403 U.S. 388, 29 L.Ed. 2d 619, 91 S. Ct. 1999 (1971),
and **Davis v. Passman**, 442 U.S. 228, 60 L. Ed. 2d 846, 99 S. Ct. 2264

2

(1979); Carlson v. Green, supra.

This Court also has Subject Matter jurisdiction over this Matter under Section 1391(e) makes **venue** proper for a **suit** against **Government Officials** in any **district** in which one **defendant resides**. Because **Attorney General Eric Holder** live in the District of Columbia, this Court is the proper district for venue. See **Cameron v. Thornburgh**, 983 F.2d 253, 257 28 U.S.C. § 1391(e); **Stafford v.Briggs** , 444 U.S. at 543-45. 28 U.S.C. § 1402(b): See **Kimberlin v. Quinlan,** 774 F. Supp. 1, 9-10 (D.D.C. 1991) (venue was proper in the District of Columbia for FTCA claims arising from the conduct of federal employees, in that district but not for other claims unconnected with the District),rev'd on other grounds, 6 F.3d 789 (D.C.Cir. 1993),... petition for cerl filed (June 22, 1994). 28 U.S.C. § 1391(a). (28 U.S.C. § 1404(a) ), **Clarkson v. Coughlin**, 783 F. Supp. 789, 779-80 (S.D.N.Y. 1992) (declining to transfer case to the district where correction department headquarters is located). 28 U.S.C. § 1391 (b); see **Arnold v. Maynard**, 942 F.2d 761, 762 n. 1 (10th Cir. 1991)(claim against officials in prison in one district and central correctional offices in another district could be filed in either district).

The United States Supreme Court states in **William C. Bush v. William R. Lucas**,462 U.S. 367, 76 L. Ed. 2d 648, 103 S. Ct. 2404 (June 13, 1983), (If the case is brought against federal officials in their official capacities-that is, for injunctive relief-venue is proper in any district where

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3) a judicial district in which any defendant may be
    'found, if there is no district in which the action
    may otherwise be brought.

Indeed, this "Court has subject matter jurisdiction over this matter pursuant to 28 USC § 1331 (1976), and under Section 1391(e)."

## STATEMENT OF THE CASE

On April 18, 2005, a sealed two-count indictment was returned against Petitioner Lester Fletcher in the U.S. District Court for the District of Maryland, Greenbelt @ Case #8;05-cr-00179-PJM-1 ( "Fletcher") and 14 other individuals, charging them in Count one with conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846.

Petitioner Lester Fletcher pleaded not guilty in district court to conspiracy to possess with the intent to distribute cocaine, in violation of 21 U,S.C. § 846, and money laundering counts, in violation of 18 U.S.C. § 1957.

On February 22, 2006, the grand jury returned a 19-count Superseding Indictment against Lester Fletcher and nine (9) other defendants, alleging, in pertinent part, the same conspiracy count as the original indictment, adding ten substantive drug counts, in violation of 21 U.S.C. § 84, and several money laundering counts, in violation of 18 U.S.C. § 1957. All defendants other than Fletcher pleaded guilty before... trial. Fletcher was convicted on May 8, 2006 and sentenced to life imprisonment on July 20, 2006.

Fletcher's conviction was based upon Public Law 80-772, that was never passed by Congress, the only statute which gives the court jurisdiction to indict and convict on any crime (Title 18, Title 21). No court has addressed the challenge as presented properly, nor the evidence obtained by Fletcher directly from Congress.

4

## STATESMENT OF THE FACTS

Petitioner, Lester Fletcher was indicted on April 18, 2005 and later arrested on April 25, 2005 at 6:00 AM with conspiracy and drug charges. (See Ex. B Criminal Docket For Case #: 8:05-cr-00179-PJM-7).

During the entire investigation of conspiracy, Mr. Fletcher was never charged or found with drugs in his possession.

Arraignment as to Lester Fletcher (1) Count 1 held on 5/25/2005 held before Judge William Connelly. "Not Guilty" Plea entered to Count one with conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846.

On February 22, 2006, the grand jury returned a 19 count Superseding indictment against Lester Fletcher.

Arraignment as to Lester Fletcher (1) Counts 1s,3s,5s-7s,9s, 11s,13s,14s- 19s held on 3/13/2006 before Judge William Connelly. Plea entered by Lester Fletcher "Not Guilty" on counts 1s,3s,5s-7s, 9s,11s,13s,14s-19s. These counts was under 21 U.S,C.§ 846 & 18 U.S. C. § 1957. United States Code, are All - Unconstitutional. Fletcher Have Been Falsely Imprisoned. See 18 USC 4001(a) (No citizen shall be imprisoned or otherwise detained by the United States except... pursuant to an Act of Congress).

Mr. Fletcher and his family has obtained and verified the evidence directly from Congress that **Public Law 80-772** was never passed by **Congress**,the only statute which gives the court jurisdiction to **Indict** and **Convict** on any crime (**Title 18 and 21**).

### BOND OPEN THE DOOR

One of the most significant case in recent history related to jurisdiction and the right to challenge a federal statute was ruled on by the Supreme Court on June 16, 2011. **In Bond Bivens Action Com-**

5

plaint v. United States, No. 09-1227, the Supreme Court, in a 9-0
decision, granted certiorari. Bond had standing to challenge her
statute of conviction, 18 U.S.C. § 229, on Tenth Amendment grounds
as an infringement upon the powers reserved to the states. Bond
could assert her own injury reulting from disregard of the federal
structure; federalism's limitations were not a matter of rights be-
longing only to the states.

In the District Court, **Bond** moved to dismiss the 18 U.S.C.§229
charges, contending the statute was beyond Congress' constitutional
authority to enact. The District Court denied the motion. **Bond** enter-
ed a conditional plea of guilty, reserving the right to appeal the
ruling on the validity of the statute. She was sentenced to six
years in prion. (See Ex. A pg. 7).

In the Court of Appeals for the Third Circuit, **Bond** renewed
her challenge to the statute, citing, among other authorities, the
**Tenth** Amendment to the Constitution. The Court of Appeals asked for
supplemental briefs on the question whether **Bond** had standing to
raise the **Tenth Amendment** as a ground for invalidating a federal
statute in the absence of a State's participation in the proceedings.

In its supplemental brief in the Court of Appeals, the Govern-
ment took the position that **Bond** did **not have standing. The Court
of Appeals agreed. 581 F.3d 128 (2009).**

When **Bond** sought certiorari, the Government advised this U.S. Superme
Court that it had changed its position and that, in its view, **Bond**
does have standing to challenge the constitutionality of 18 U.S.C.
§229 on **Tenth Amendment grounds** The U.S. Supreme Court granted cert-
iorari, 562 U.S__,131 S.Ct. 455, 178 L. Ed. 2d 285 (2010), and app-
ointed an amicus curiae to defend the judgment of the Court of Appeals.

Stephen McAllister, a member of the bar of this Supreme Court , filed an amicus brief and presented an oral argument that have been of considerable assistance to the Court.

Petitioner Fletcher's challenge to his conviction and sentence "satisfies the case-or-controversy requirement, because the incarceration ... constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998). (See Ex. A pg. 8).

Indeed, Bond Now opens the door for Petitioners to challenge 18 USC section 3231, part of the enactment of Title 18 and 21 U.S.C. , which states: "The District Courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this Title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof." Without the validity of 18 USC § 3231 a federal court must revert the powers of the federal court back to the States. The Bond ruling provides standing for anyone to challenge 18 AND 21 USC § 3231 and any crime that could have been tried by the State where you would have received less time (in many cases the State decided not to prosecute at all). See United States v. Sharpnack, 355 US 286 (1957). "It further specifies that "Whoever is guilty of any act or omission which...would be punishable if committed or omitted within the jurisdiction of the State...in which such place is situated, by the Laws thereof in force at the time of such act or omission, shall be guilty of a like [federal] offense and subject to a like punishment."

---

[1] A Major federal judge has agreed to hear the issue on October 28, 2011and release person upon evidence.
[2] The Enrolled Bill Rule, *Field v. Clark*, 143 U.S. 649 does not apply to a proper challenge, because *Munoz Flores*, *Clinton v. N.Y.*, and *Bond v. United States*, all S.Ct. overturned *Field v. Clark*.

The unconstitutional action can cause concomitant injury to persons in individual cases (See **Bond v. United States** EX. A pg. 12).

 **Titles 18 & 21 United State Code Are All-Unconstitutional, Petitioner Have Been Falsely Imprisoned. See 18 USC 4001(a) (§4001: Limitation on detention: control of prisons;**

  **No Citizen Shall Be Imprisoned Or Otherwise Detained By The United States Except Pursuant To An Act Of Congress.**

 Petitioner a federal prisoner  is fraudulently convicted and sentenced to servitude, meaning Slavery-Peonage; He will point this out in Four (4) paragraphs:

 [1] The Federal Government lacked Federal legistative, territorial, or admiralty Jurisdiction in over the Locus Quo. The Locus Quo see Black's Law Dictionary it means the [PLACE] your "ALLEGED" crime took place. The "State" that you were arrested in and the House, Bank or wherever you were arrested at, the "State" never ceded (sold/given up) that land to the Federal Government, that means that the "Building or [PLACE] your "CRIME" took place at the Federal Government never had jurisdiction to arrest and convict you. When a Court acts without jurisdiction in over the locus "Quo" then the judgment is void, meaning you are falsely imprisoned. **Jurisdiction can be challenged at any time.**

 [2] Petitioner's Federal Indictment is invalid causing this Federal Prisoner to be falsely imprisoned, due to the fact that the Federal Government failed to establish a Federal interstate commerce nexus. Read #1 above, since the government had no Jurisdiction from the beginning (Locus Quo) they failed to establish a commerce nexus, meaning Petitioner being a prisoner  **BROKE NO LAW.** Nope crossing State Lines is 'NOT' Federal Petitioner have been taught to be Ignorant thank the **FOOL SYSTEM (SCHOOL)** it will not matter if He crossed

"States" lines or not this Petition prove that Petitioner is a Feder-
al Prisoner whom was convicted and sentenced under the Unconstitution-
al Frivolous And Fraudulent Acts Of Title 18 & 21 USC.

[3] The Federal Governments charging instruments are Fatally
Defective in this instant case. Fatally defective is junk that causes
Petitioner to be falsely imprisoned. Said charging instruments are
fatally defective due to no jurisdiction and Title 18 and 21 USC are
unconstitutional oh yes Petitioner proof is attached. 80th Congress
records Exhibits C-M.

[4] Petitioner's sentenced and were charged both under Title 18
or 21 USC the alleged 'ACT' of June 25th, 1948 open any Title 18 or
21 USC book and see the date it was (alleged to be) enacted. Well now
see Petitioner's Exhibits A-M. If the Petitioner been convicted under
Titles 18 or 21 and sentenced under Title 18 USC he been convicted and
sentence under the Unconstitutional Frivolous and Fraudulent Acts of
Titles 18 or 21 USC. Titles 18 & 21 can only be used against the offi-
cers (defacto see de facto officer in blacks law dictionary) who put
Petitioner in prison. (Defacto is an illegally in office officer.

Petitioner, like any other defendant, has a personal right not
to be convicted under a constitutionally invalid Law. See Fallon, As-
Applied and Facial Challenges and Third-Party Standing,113 Harry. L.
Rev. 1321, 1331-1333 (2000); Monaghan, Overbreadth, 1981 Sup. Ct. Rev.
1,3. See also North Carolina v. Pearce, 395 U.S. 711, 739, 89 S. Ct.
2072, 23 L. Ed. 2d 656 (1969) (Black, J., concurring in part and dis-
senting in part) ("Due process ... is a guarantee that a man should
be tried and convicted only in accordance with valid laws of the land
."). See (Ex. A pg. 13-14  Concur By Justice Ginsburg, with whom

Justice Breyer joins, concurring.)

## HISTORY OF TITLES 18 & 21 UNITED STATES CODE
## ARE ALL-UNCONSTITUTIONAL, PETITIONER HAVE BEEN FALSELY IMPRISONED

More Supporting Facts On The History Of Titles 18 & 21 United
States Code Are All-Unconstitutional, Petitioner Have Been Falsely
Imprisoned, because H.R. 3190/Public was put into effect as Public
Law 80-772 without being duly enacted in violation of the Quorum
Clause Mandate prescribed in Article 1 § 5, CL. 1 of the United States
Constitution. See Supporting Facts as follows;

The legislative history of the June 25, 1948, amendments, changes
and revisions to the 1909 Federal Penal and Criminal Code, show that
Congressman Robsion of Kentucky introduced H.R. 3190 "A Bill to revise,
codify, and enact into positive law, title 18 of the United States
Code, entitled 'Crimes and Criminal Procedure,'" in the U.S. House
of Representatives to the Committee on the Judiciary, on April 24,
1947. (H.Rpt.304; H.Journ, 295; and 94 Cong.Rec. D556-D557). (See EX.
C and D pgs). Which was not simply codifications of existing law,
but also made changes in existing law to transfer the federal court's
jurisdiction in criminal cases from 28 U.S.C. § 371(1940) to create
a new jurisdictional provision under 18 U.S. § 3231 (1948), and it
made conduct that was not a federal offense under the 1909 U.S. Code
become federal crimes, and changed the manner which federal sentences
are to be executed; limitation on detention; control; classification
and treatment of federal prisoners and detainees under Part III. Sect.
4001-5001 of its title.

These changes which were engrossed by a Vote taken in a minority

presence on May 12, 1947, in the House of representatives. Although, there were 435 people enrolled as sworn Members of our U.S. House of Representatives, but during the **May 12, 1947**, Vote on H.R. 3190, the Record of the 80th Congress, First Session shows that a Vote was taken by **38 ayes and noes 6 (44 total,)** but devoid of any number present but not voting sufficient to make a Quorum in the hall of the House, as required by House Rules and Hinds' Precedents mandating that the Clerk of the House is to "enter on the Journal as part of the record of a yea-and nay vote the names of Members present but not voting, thereby establishing a quorum of record."(See, **93 Cong. Rec.** **5048-5049**; (See EX. D); H. Doc. No. **769**, 79th Cong., 2nd Sess,, Constitution, Jefferson's Manual and Rules of the House of Representatives of the United States, 80th Cong., G.P.O. 1947, § 54; and H. Doc. No. **355**, 59th Cong., 2nd Sess., **Hinds' Precedents of the House of Repre-** sentatives of the United States, Vol. IV, §§ 2895, 2904, 2932, 2962, 2963). (See EX. E).

Compare the **May 12, 1947, 44 Member Vote on H.R. 3190** (93 Cong. Rec. 5049), with Mr. John Dingell's objection to the July 7, 1947, 103 Member Vote on H.R. 3214 "A Bill To revise, codify, and enact into law title 28 of the United States Code entitled 'Judicial Code and Judiciary." (See 93 Cong.Rec. 8391-8392, EX. F). Where Congressman John D. Dingell of Detroit Michigan, objected to there not being enough House Members present to make a Quorum. In his July 7, 1947 objection, Mr. Dingell states that "I object to the vote on the ground that a quorum is not present and make the point of order that a quorum is not present," the Door keeper closed the doors, the Sergeant at Arms notified the absent Members, and the clerk of the House called

the roll and the Vote on H.R. 3214 was taken anew, with the previo-
usly absent members present; and the record showing 342 yeas, 23 nays,
65 present but not voting and their Names appearing thereupon. (See
93 Cong. Rec. 8391-8392, EX. F).

However, although the Congressional Record is devoid of any Persons'
Names voting for, against or present but not voting on the H.R. 3190
Bill during or even after the May 12, 1947, 44 Member vote, the Journal
of the House of Representatives contain no entry of the vote at all.
Notwithstanding the fact that the H.R. 3190 Bill had been met with oppo-
sition and caused a division in the House. (See, H. Journ. 343, 344,
346; and 93 Cong. Rec: 5049, EX. D).

The Congressional Record and the Journal of the Senate shows that
although the H.R. 3190 Bill was sent to the Senate for consideration,
that first regular session of the 80th Congress came to a close for
more than 3 days on July 27, 1947 without any further action on it by
the House or the Senate prior to the January 6, 1948, Congressional
Assembly. (See, s. Con. Rec. 33: 93 Cong. Rec. 10400; S. Journ. 252,
259; Ashley v. Keith Oil Corp., 7 F.R.D. 589, 590 (D. Mass. 1947); and
Amend. 20, U.S. Const.). On June 20, 1948, the Senate and the U.S.
House of Representatives adjourned, sine die, for its final, regular
Law making Session of the 80th Congress. (See, 94 Cong. Rec. 9158; and
H. Cong. Res. 218), Without any Record of the Names of the Persons
voting for, against, or present, but not voting on H.R. 3190 in the
Journals of either House to show that the Vote on the Bill was passed
in the presence of Quorum. During the June 1-19, 1948, Session, the
Senate and House failed to reintroduce Title 18 as new legislation, and
never voted the H.R. 3190 Bill into a Lawful Act prior to adjourning.

On June 23, 1948, while Congress was "not sitting in regular or extraordinary session," the Speaker of the House signed the enrolled H.R. 3190 Bill in the absence of a Quorum. (See, 94 Cong. Rec. 9158, 9349, 9354, 9365, 9367). That signing was also done in violation of Hinds' Precedents of the House § 3458 (G.P.O.) (See EX. G), which states that; "[t]he Speaker may not sign an enrolled bill in the absence of a Quorum." H.R. 3214 was also singed by the Speaker of the House while Congress was "not sitting in regular or extraordinary Sesstion", in the absence of a Quorum. (See, also **Commissioner v. Rivera's** 214 F.2d 60 @64).

Therefore, here the legislative chart (EX.C), which tracked the progress of H.R.3190 through both Houses of the 80th Congress show **May 12, 1947**, as its date of passage in the House, (See EX. H), and based upon the foregoing facts and records, H.R. 3190 was not' enacted by the Senate and House of Representatives of the United States of America in Congress assembled" on June 25, 1948. Because Congress was "not sitting in regular or extraordinary session," when the Speaker of the House signed the enrolled bill in the absence of a Quorum, where the joumals are devoid of the Nammes sufficient to form a quorunm during the May 12, 1947, divided vote on the engrossed bill, and when the bills were give to the President of the United States for his approval or disapproval while Congress was not sitting in regular or extraordinary session," which he did sign while Congress was not assembled in any form of session.

The face and the signatory page of the enrolled H.R. 3190 as the purported Public Law 80-772 show only one date of June 25, 1948, Therefore even without going beyond the documents deposited in the National Archives and Records Administration's own registered entries as maintained by the Secretary of State, **Public Law 80-772 is unconstitutinal** on its face, because 62 Stat. 1435-36, June 20, 1948, show that no ...

13

quorum was present on June 25, 1948, due to the undisputed fact that
Congress was not sitting in regular, extraordinary, special, nor emer-
gency session on June 25, 1948. Which is the date that the Honorable
Arthur H. Vandenberg, President pro tempore of the Senate (a republi-
can), and the Honorable Joseph W. Martin Jr., Speaker of the House (a
republican), signatures appear along with the most Honorable Harry S.
Truman, President of the United States of America (a Democrat) (See
EX.I). Thereby leading a reasonable person to believe without looking
beyond the Bill deposited in the public archives that June 25, 1948
was the date that the presiding officers of both houses signed H.R.
3190 and presented it to the President. H.R. 3190 (Public Law 80-772),
Cong.Rec. 9158 and 94 Cong.Rec. D556-D557 (EX.C).

Based on the aforesaid reasons the entire June 25, 1948, revisions
to the U,S. Criminal Codes are Void from their beginning and have not
become law by the passage of time. H.R. 3190 was not passed by the ...
"Majority Vote" of the Senate and House of Representatives collectively.
The Names of the Persons voting for, against, and, not voting on the
Bill do not appear on the Journal of both houses, respectively. The Bill
died during the 1st Session of the 80th Congress and was not reintro-
duced as legislation. Therefore, it was "Not Enacted by the Senate and
House of Representatives of the United States of America in Congress
assembled", as it "Fraudulently" states on the June 25, 1948, face. ...
Congress' own Records  Show That The Senate and House Were Not In Sess-
ion on June 25, 1948, But Had Already Adjourned Five (5) Days Prior On
June 20, 1948. "Public Law 80-772 Is Not, Constitutionally, Law Because
It Was Put In-To Effect With-Out Being Duly Enacted By The 80th Congress.

Plaintiff was seized by federal agents working under the Depart-

14

ment of Justice and acting in the Name of the United States of America
pursuant to **warrants** or Indictments issued under Public Law 80-772's
Title 18 or 21 United States Code Are All-Unconstitutional, Plaintiff
Have Been Falsely Imprisoned See 18 USC 4001 (a), (§4001. Limitation
on detention; control of prisons; **No Citizen** shall be imprisoned or
otherwise detained by the United States except pursuant to an Act of
Congress. Plaintiff been accused of committing felonious crimes against
the corporate straw person United States Of America.

After being adjudicated guilty of the alledged feionious crimes,
Plaintiff was committed into the custody of the Defendant, U.S. Attor-
ney General  who, in execution of the sentence imposed by the U.S. Dis-
trict Court in this instant case. The Defendant ERIC HOLDER, U.S. Attor-
ney General Of Washington D.C. has held Plaintiff Lester Fletcher in
USP Hazelton P.O.Box 2000 Bruceton Mills, WV 26525 carrying out the exe-
cution of his sentence imposed under Public Law 80-772's Title 18 & 21
United States Code.

For the reasons stated above, the Defendant Eric Holder knew or
should have known that he has no authority to commit, Classify, Trans-
fer, or keep Plaintiff Lester Fletcher in custody under Public Law
80-772.

AVERMENT OF THE CLAIMS<br>FIRST CAUSE OF ACTION

The acts and/or omissions of the respondents and the elected Mem-
bers of the 80th Congress, as set forth in the aforewritten Statement
of Facts and Supporting Documents marked as Exhibits, prove a LEGAL Fict-
ion as they show that they violated the Quorum Clause Mandat prescribed
in Article I, § 5, Cl. 1 of the U.S. Constitution when;

15

[A.] The Vote taken by [38] yeas and [6] nays show that no Quorum ha[d] voted during the May 12, 1947, Vote on H.R. 3190 although there 435 Member of the House of Representatives enrolled on that day;

[B.] The Journal of the House failed to show that a Majority of Quorum of its Members were Present when the H.R. 3190 Bill was Passed as there were not at least 218 Member Present during the May 12, 1947, Vote on the Bill;

[C.] The presence of a Quorum was not determined in accordance with a valid Rule of the House:

[D.] The Names of Member present, but not voting (If Any), were not entered on the Journal as part of the Yea-And-Nay-Vote on the H.R. 3190 Bill;

[E.] The Names of the Persons Voting for and against the H.R. 3190 Bill were not entered on the Journal;

[F.] The Speaker of the House signed the enrolled H.R. 3190 Bill in the absence of a Quorum;

[G.] The H.R. 3190 Bill was signed by the presiding officers and presented to the President of the United States while both Houses of Congress were "Not Sitting In regular or extraordinary Session.

<u>SECOND CAUSE OF ACTION</u>

The act and/or omissions of the defendant and  the ... elected Members of the 80th Congress, as set forth in the aforewritten Statement of Facts and Supporting Documents marked as Exhibits prove a LEGAL FICTION as they show that they violated the Appropriations Clause Mandate prescribed in Article I, § 9, Cl. 7 of the U.S. Constitution when;

[A.] The Journal of the House failed to show that a  Majority or Quorum of its Members were present when Title 18's provisions were passed

16

. or signed by the presiding officers of both House and;

[B.] They allowed money to be drawn from the Treasury under **Title 18 U.S.C. §4007;** a law that was put into effect without being duly enacted and without equal representation in Congress.

### THIRD CAUSE OF ACTION

The acts and/or omissions of the defendant Eric Holder and the elected Members of the 80th Congress, as set forth in the aforewritten Statement of Facts and Supporting Documents marked as Exhibits prove a LEGAL FICTION as they show that they have been depriving **Plaintiff** of his Liberty without Due Process of Law in Violation of the **Fifth, Ninth, and Fourteenth Amendments** to the Constitution where and/or when;

[A.] They acted in execution of the commitment order issued by a Court acting without competent jurisdiction under 18 &, 21 U.S.C. 3231, which was not passed or signed in the presence of a Quorum and took **Plaintiff** into custody of the FBOP for the service of his sentence;

[B.] The classified **Plaintiff** according to the nature of the offenses committed for the service of his sentence under the system of Discipline, care, and treatment prescribed in 18 U.S.C. §4081 (June 25, 1948, c. 645, 62 Stat. 850). which was mot passed in presence of Quorum;

[C.] They use money paid out of the Treasury of the United States for the expenses attendant upon **Plaintiff** confinement, as well as upon the execution of his sentence pursuant to 18 U.S.C. § 4007 (June 25, 1948, c. 645, 65 Stat. 848). which was not passed in the presence of a Quorum;

[D.] H.R. 3190 was signed by the Speaker of the House in the **absence** of a Quorum, while Congress was not sitting in regular or extraordinary

Session;

[E.] They placed limitations on his detention and control him under 18 U.S.C. §4001 (June 25, 1948. c. 645, 62 Stat. 847), which was not passed in the presence of a Quorum;

[F.] They **Deny Plaintiff a parole date** that he is entitled to under the 1940 predecessor;

[G.] They calculate **Plaintiff** good time credits while acting under 18 U,S.C. §4081;

[H.] They are placed on notice that the H.R. 3190 Bill was put into effect as law without being passed by a Quorum or in the presence of a Majority of both Houses, failure or refusal to investigate the origin of Public Law 80-772 is to renounce the Oath of Defendant Mr. Eric Holder's Offices;

[I.] They copel **Plaintiff** to identify  with a particular religion under 18 U.S.C. §4081;

[J.] They compel **Plaintiff** to pay $100.00 financial responsibility for each count of the **Indictment** under 18 U,S.C. § 4081;

[K.] They compel **Plaintiff** to work or program under 18 U.S.C. §§ 4121-4129;

[L.] They compel **Plaintiff** to complete "Abilities and Possibili-ties", "Breaking Barriers", "ACE", "GED", 'Drug Education", and "Re-creation Class" as a condition precedent prior to reducing his custody, security level or before he can become eligible for a transfer close to home;

[M.] They use inmate labor to allow UNICOR to keep local companies from competing for labor, contracts, and services that they would other-wise bid for with the government under !8 U.S.C. §§4081, 4121-4129.

## FOURTH CAUSE OF ACTION

The acts and/or omissions of the Defendant Eric Holder and the elected Members of the 80th Congress, as outlined in the aforementioned Statement of Facts, Congressional Records, and Supporting Exhibits deprived Plaintiff of the **Right to Life, Liberty, Seurity of Person, Not to be Held in Slavery or Servitude, the Right to an effective remedy by the competent Natioinal Teibunals** for acts violating the Fundamental Rights granted to **Plaintiff** by the Constitution or by **Law,** in violation of **Articles 3-11** of the Universal Declaration of Human Rights adopted and proclaimed by the General Assemby of the United Nations on **December 10, 1948,** when;

[A.] They put H.R. 3190 into effect as **Public Law 80-772** by being duly enacted contrary to manifest tenor of **Article I, §§ 5 & 7** of our United States Constitution as a Nation who endorsed the Universal Declaration of Human Rights December 10, 1948;

[B.] They committed all of the aforesaid acts and/or omissions in the First, Second, and Third Causes of Action previously mentioned.

**Plaintiff's** Bivens Action Complaint To Dismiss The Constitutionality Of **Titles 18 & 21 U.S.C.** Charges On **Fifth & Tenth Amendment Ground** , the Plaintiff contends that his indictment procedure failed to meet the standards of **Fed.R.Crim.P.6** and the **Fifth Amendment** in that the indictment brought had not been found by the requisite **12 jurors** of a **Grand Jury,** Proper indictment procedure required submission of a formal indictment to the grand jury for approval after the prosecutor drafted it. Such that review of the indictment by and the signature of the foreperson alone required dismissal of the indictment. Also in this instant case, there is "Nothing in the District Court of Maryland whole entire Court

record prove or show that the grand jury returned Plaintiff's indict-ment in open court, or voted his indictment in open court. (See EX. B).

The U.S. Supreme Court states; Under the common Law 12 jurors must vote an indictment, the names must be recorded. This proceeding cannot be violated by the judiciary or the legislature. **United States v. McChristian, 47 F.3d 1499, 1540 (9th Cir. 1995).**

The **Fifth Amendment** to the **Constitution** provides that no person shall be held to answer  for a capital or otherwise infamous crime unless on a presentment or indict-ment of a grand jury.

The finding by a grand jury of a true Bill and indorsement there on to such effect are not alone sufficient to render it valid as an indictment, but it is found necessary that the Bill should be presented or returned by the grand jury in open court.

It is essential to the validity of an indictment that it be pre-sented in open court and in the presence of the grand jury. See **Mackin v. United States, 117 U.S. 352, 6 Sup. Ct. 777, 29 L. Ed. 909).**

As the Supreme Court has noted, "the Founders thought the grand jury so essential to basic liberties that they provided in the Fifth Amendment that federal prosecution for serious crimes can only be instituted by "a presentment or indictment of a Grand Jury." *United States v. Calandra*, 94 S.Ct. 613, 617 (1974).

The *Ex parte* character of grand jury proceedings makes it peculiarly important for a federal prosecutor to remember that, in the familiar phrase, the interest of the United States "in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 55 S.Ct. 629, 633 (1935).

The Executive Branch is the branch most likely to forget the bounds of its authority. *United States v. Brown*, 85 S.Ct. 1707, 1712 (1965).

> Instances sometimes occur in which ministerial officers take such liberties, in endeavoring to discover and punish offenders, as are even more criminal that the offences they seek to punish.

Cooley, *Constitutional Limitations*, page 306, n. 2 (DaCapo Press 1972)

As defendant would point out to this Court, the statistics of "No True Bills" issued by federal grand juries no longer reported, *if* there were any to report, demonstrates that the current grand jury system is merely a "rubber stamp" for federal prosecutors and is meaningless as a safeguard of "basic liberties."

The last year in which "No True Bills" were reported, 1991, sixteen (16) "No True Bills" out of a total of 25,943 "Federal Grand Jury Proceedings" (.062%) were reported. Today there is no independence of the grand jury from the prosecutor, nullifying the grand jury protections set up by those originally oppressed by the legal system of England.

Those numbers are found in *Statistical Report, United States Attorney's Office*, (Fiscal Years 1976 through 1996). Note: Starting in 1992 the Statistical Report ceased to report the number of no true bills:

| Fiscal Year | Number of Indictments | No True Bills (%) | Total Grand Jury Proceedings |
|---|---|---|---|
| 1976 | 23,612 | 123 (0.518%) | 23,735 |
| 1977 | 21,412 | 119 (0.553%) | 21,531 |
| 1978 | 19,405 | 104 (0.533%) | 19,509 |
| 1979 | 16,356 | 90 (0.547%) | 16,446 |
| 1980 | 16,507 | 85 (0.512%) | 16,592 |
| 1981 | 16,699 | 95 (0.566%) | 16,794 |
| 1982 | 16,989 | 75 (0.440%) | 17,064 |
| 1983 | 17,702 | 63 (0.355%) | 17,765 |
| 1984 | 17,419 | 68 (0.389%) | 17,487 |
| 1985 | 17,051 | 43 (0.252%) | 17,094 |
| 1986 | 20,045 | 66 (0.328%) | 20,111 |
| 1987 | 19,224 | 39 (0.202%) | 19,263 |
| 1988 | 20,156 | 28 (0.139%) | 20,184 |
| 1989 | 23,172 | 31 (0.134%) | 23,203 |
| 1990 | 23,914 | 11 (0.046%) | 23,925 |
| 1991 | 25,927 | 16 (0.062%) | 25,943 |
| 1992 | | | 25,470 |
| 1993 | | | 23,757 |
| 1994 | | | 20,714 |
| 1995 | | | 22,856 |
| 1996 | | | 23,449 |

The most current statistical report, *The United States Attorneys' Annual Statistical Report*, Fiscal Year 2005 ("*The Report*"), found on the website of the U.S. Department of Justice states:

> After careful consideration of each criminal matter, the United States Attorney decides whether criminal charges are appropriate and whether to initiate a

prosecution. Except for misdemeanor offenses and instances in which an alleged offender waives the right to a grand jury indictment, the United States Attorney presents evidence against an alleged offender to a grand jury. The grand jurors decide whether to return an indictment.

*The Report*, p. 6.

The grand jurors decide whether to return an indictment. In instances where more information is required, the grand jury can issue subpoenas in order to obtain additional evidence. The United States Attorneys' offices handled a total of 43,726 criminal matters during Fiscal Year 2005 in which grand jury proceedings were conducted, representing a 2 percent increase over the previous year. Criminal Chart 3 below reflects the number of matters in which grand jury proceedings were conducted over the past 10 years.

*The Report*, p. 8.

The bar chart in Criminal Chart 3 of *The Report* shows 43,726 for Fiscal Year 2005 for "Matters with Grand Jury Proceeding." There is no indication of the number of indictments that resulted from those 43,726 proceedings.

The offices reviewed and immediately or later declined a total of 32,246 criminal matters during the year.

*The Report*, p 7.

Obviously, the prosecution of a case is in the hands of the members of the U S Attorney's Office not members of the grand jury.

Searches for "no true bills" and "number of indictments" in *The Report* result in "Instances found: 0" indicating there aren't *any* refusals to indict by the grand jury.

Today the grand jury's independence in the criminal justice system has declined with the increasing complexity of crime and the growth of the role of prosecutors, professional police and investigative forces. *Cf Rivera v Government of the Virgin Islands*, 375 F 2d 988, 991 (3d Cir 1967). *National*

In this instant case, Plaintiff was indicted on April 18, 2005, on **Titles 18 & 21 U,S.C** Charges, However, the above "Numbers found in Statistical Report in the United States Attorney's Office in the Bar Chart in Criminal Chart 3 of The Report show **43, 726** for **Fiscal Year 2005** for "**Matters** with **Grand Jury Proceeding.**" There is "**NO Indication** of the number of indictment that resulted from those 43,726 proceedings. In Fact of the matter in **Fiscal Year 2005** for

"Matters with **Grand Jury Proceeding, "No True Bills"** and **"Number of Indictments"** In the report result in instances found;"O"indicating there aren't any refusals to **indict** by the **Grand Jury.**

In this instant case, it is clear that the Plaintiff's **Fifth Amendment** was violated because the **Fifth Amendment** to the **Constitution** provides that no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury.

In this instant case, Plaintiff's **Fifth & Tenth Amendment was violated, in four (4) ways as follows.**

[1.] The federal Government lacked federal legiative, territorial, or admiralty jurisdiction in over the locs quo see black's law dictionary it means the **[PLACE]** your **"ALLEGED"** crime took place.

[2.] The federal Government Charging instruments are Fatally Defective.

[3.] The federal Government Failed to establish federal interstate commerce nexus.

[4.] **Titles 18 & 21 USC** are Unconstitutional causing imprisonment to be false.

Plaintiff contends that moreover, a District Court Judge may and must check for the Courts Jurisdiction to proceed, in the pleading. He or she must do their own motion without waiting for the quetion of lawful jurisdiction to be raised by any parties involved in the proceedings. The District Judge is charged to know that the Court proceedings conducted absent jurisdiction over the subject matter are legally void and subject to collatera attack. See 46 ... American Jurisprudence 2d Judgment 26. As a District Court charged

with knowledge that jurisdiction is the authority to hear and de-
termine a specific case within a class of cases over which the
Court has subject matter jurisdiction, Also, awareness that his or
her Court is subject to **TERRITORIAL LIMITATION AND CANNOT EXTEND.**
The judicial authority, which comes pursuant to an act of congress,
and under which behalf the Court functions. Knowing that the juris-
diction of his or her Court is limited, and can be further limited
by constitutional or statutory provisions to only part of the terri-
tory of sovereignty to which the Court belongs. See **American Juris-
prudence 2d. Courts 115.**

Plaintiff contends that the District Court of Plaintiffs con-
viction is one limited and special original jurisdiction, its action
must be confirmed to the particular cases, controversies, and parties
over which the constitution and the laws have authorized it to act;
Any proceedings without the limits prescribed is **CORAM NON JUDICE
AND ITS ACTIONS A NULLITY.** See <u>State Of Rhode Island Etal v. Comm-
onwealth Of Mass</u>, 37 U.S. 657 (1938). The statute designated the
federal government charges, **THAT IF A CRIME DOES NOT AUTHORIZE CON-
CURRENT JURISDICTION.** See <u>**Adams v. United States**</u>, 87 L.Ed 1421. The
jurisdiction to determine jurisdiction doctrine authorizes Courts to
issue ancillary orders while determining their own jurisdiction doc-
trine authorizes criminal concept, the violations of such orders,
even though it may later determined that the Court lacks jurisdiction
over the proceedings. [When a Court assumes Jurisdiction but later
discovers that it has no subject matter jurisdiction, the Court must
take apropriate action, all though it acted in accordance with its
previous belief that it had jurisdiction.] See **<u>American Jurisprudence</u>**

**2d Courts 60 Page 377.** Jurisdiction to render a Judgment in a particular case or against particular persons may not be presumed where the record itself shows jurisdiction has not been **Acquired.** See **Old Wayne Mut Life Assoc, v. Mcdonough,** 204 U.S. 8, 51 L.Ed 345, 27 S. Ct. 236. Hence, a fact connected with jurisdiction to render a judgment may not be in the face of statements to the contrary in the record.

The **Supreme Court Of The United States Stated; Judges** shall be **Impartial** and held accountable when judges are **Biased. Bracy v. Warden,** U.S. S. Ct. #96-6113 (June 97). In addition "If a judge does not fully comply with the **Constitution** then that judges ORDER are **VOID,"** IN re; **SAWER 124 U.S. 200 (1888). He/She** is without jurisdiction, and he/she has engaged in an act of treason. Also, See **United States v. Will,** 449 U.S. 200, 216, 101 S. Ct. 471, 66 L. Ed and 393, 406 (80). Also **Scheuer v. Rhodes,** 416 U.S. 232, 94 S. Ct. 1683, 1687, (1974). "**Void** judgments are those rendered by a Court which lacked jurisdiction, either of subject or the parties; and are totally **void."** **Wahl v. Round Valley Bank,** 38 Ariz. 411, 300 p. 955 (1931), **Tube City Co. v. Otterson** Ariz. 305 p. 203. Also **Milliken v. Mayer,** 311 U.S. 457 S. Ct. 339, 85 L. Ed 2nd 278 (1940), **Long v. Shorebank Corp,** 182 F. 3d 548 (CA. Ill 1999), **Lubben v. Selective Service BD,** #27, 453 F.2d. 645, **ALR** Fed. 298 (CAL. MASS. 1972). "A void judgment is one which from the beginning was a complete nullity and without any legal force or effect." **Hobbs v. U.S. OFFICE MANAGEMENT,** 485 F. Supp. 457 (M.D. Fla. 1980). **Holstein v. City Of Chicago,** 803 Fed. Supp. 205, 149 F.R.D. 147, Affirined 29, F.3d 1145 (92). "**Void** judgments are where Court personnel or subject matter jurisdiction or entry of order violated Fed. **R.Civ. P.**

Rule 60(B)(4) 28 U.S.C.A. Const. Amend, 5 <u>Klugh v. U.S. 620</u> F. Supp.
892 (85), <u>Rubin v. Johns</u>, 109 F.R.D. 174 (85), <u>Ward v. Terene</u>, 386
p. 352 (63).  In addition. " A **void** ORDER may be attacked either
collaterally or directly at **ANYTIME.**" In re; Estate Of Stinefield
630 NE and 801, also See <u>Stinefield v. Haddick</u>, 5 U.S. 809 (ILL
1994). **Void** judgment generally fall into two (2) classifications, that
is, judgments where there is want of jurisdiction of persons or subject
matter, and judgments through **"Fraud"**. <u>Irving v. Rodrick</u>, 169 NE 2r"
145 (ILL. APP.2nd 1960).

Also in the District Court, **Bond v. United States**, No. 09-1227,
June 16, 2011, the Supreme Court, in a 9-0 decision, granted certio-
rari Bond moved to dismiss the 18 U.S.C §229 charges, contending the
statute was beyond Congress' constitutional authority to enact. The
District Court **denied the Motion**. <u>Bond</u> entered a conditional **plea of
guilty**, reserving the right to appeal the ruling on the validity of
the statute. She was sentenced to **six years in prison**.

In the Court of Appeals for the **Third Circuit**, <u>Bond</u> renewed her
challenge to the statute, citing, among other authorities, the **Tenth
Amendment** to the **Constitution**. The Court of Appeals asked for supple-
mental briefs on the question whether <u>Bond</u> had standing to raise the
**Tenth Amendment** as a ground for invalidating a federal statute in the
absence of a State's participation in the proceedings. **See (EX. A pg.
7).**

---

One of the most significant case in recent history related to "
<u>Jurisdiction</u>" and the right to challenge a federal statute was ruled
on by the **Supreme Court on June 16, 2011. In <u>Bond v. United States</u>.**
The question of subject matter jurisdiction may be raised at any time,
and it cannot be waived by the Defendant. A Defendant guilty plea does
not bar his/her challenge to the indictment since a guilty plea does not
waive jurisdictional defects .e.g., <u>United States v. Meacham</u>, 626 F.2d
503, 510 (5th Cir. 1980).

When **Bond** sought certiorari, the **Government** advised this **United States Supreme Court** that it had changed its position and that, in its view, **Bond** does have standing to challenge the constitutionality of **18 U.S.C §229** on **Tenth Amendment** Grounds. See (**EX. A pg. 7**).

In this Case..., by the Government and their attorney(s), **Fraud** on the District Court, and the **Lack Of Jurisdiction** thereof, the **Plaintiff's** sentence is **VOID**.

**Lack of Jurisdiction** cannot be waived, **Glidden Co. v. Zdanok**, 370 U.S. 530, 535 & 536, 82 S. Ct. 1469 (1962) and may be asserted and may be asserted and/or raised at any time, by any party or by the Court, **Emrich v. Touche Ross & Co.**, 846 F.2d 1190, 1194 **n.2** (9th Cir. 1988), and will be considered on appeal **Regardless** whether they were raised in "**Trial Court**", **United States v. Nukida**, 8 F.3d 665, at 668-69 (9th Cir. 1993), Also See **Bond v. United States**, No. 09-1227 2011) (Subject **Matter Jurisdiction** may be raised at any time, and it cannot be waived by the Defendant. **Bond** guilty plea does not bar her challenge to her Indictment since a guilty plea does not waive "**Jurisdictional**" Defects .e.g., See (EX. A **Bond v. United States**, page 7).*

---

*The District Columbia federal Court are reluctant to hear cases brought by federal prisoners incarcerated in other parts of the country. If you claim that "vents or omissions giving rise to the claim" took place in **Washington**, D.C., YOU MUST BE PREPARED TO SUBSTANTIATE YOUR CLAIM. **Cameron v. Thornburgh**, 983 F.2d 253,257 (D.C. Cir. 1993). **Huskey v. Quinlan**, 785 F.Supp. 4, 6-7 (D.D.C. 1992). **Pierce v. Coughlin**, 806 F.supp. 426, 428-29 (S.D.N.Y. 1992). **Holmes v. U.S. Board of Parole**, 541 F.2d 1243, 1248-49 (7th Cir. 1976): **Ellingburg v. Connett**, 457 F.2d 240, 241 (5th Cir. 1972). Contra, In re Pope, 580 F.2d 62, 622 (D.C. 1980). **Neville v. Dearie**, 745 F. Supp. at 102, and cases cited. See **Cheeseman v. Carey**, 485 F.Supp. 203, 207 (S.D.N.Y. 1980), **remanded on other grounds**, 623 F.2d 1387 (2d Cir. 1980): **Michigan State Chamber of Commerce v. Austin**, 577 F. Supp. 651, 654-55 (E.D.Mich. 1983). Lent Christopher **Carr, II**, v. Eric Holder et al, Case 1:12-cv-00165-UNA Document 5 Filed 01/31/12. Also See **Anthony Askew** v. Eric Holder, Case 1:12-cv-00221-UNA Document 5 Filed 02/09/12.

**ARGUMENTS AND CITATIONS OF AUTHORITY**

**H.R.3190 WAS PUT INTO EFFECT AS PUBLIC LAW 80-772 WITHOUT
BEING DULY ENACTED IN VIOLATION OF THE QUORUM CLAUSE
MANDATE PRESCRIBED IN ARTICLE 1§5, CL. 1 OF THE
UNITED STATES CONSTITUTION**

[1.] The Indicted Petitioner, Petitioner here, sought to argue the invalidity of the statute, He relied on the **Fifth & Tenth Amendment,** and, by extension, on the premise that Congress exceeded its powers by enacting it in contravention of basic **federalism** principles. **Titles 18 & 21 U.S.C.,** was enacted to comply with a treaty, but petitioner conten that, at least in the present instance, the treaty cannot be the source of congressional power to regulate or prohibit his conduct. (See **EX. A Bond v. United States, No. 09-1227 page 7**).

[2.] Federalism has more than one dynamic. In allocating powers between the **States** and **National Government, federalism** '''Secures to **Citizens** the liberties that derive from the diffusion of sovereign power.''' **New v. United States,** 505 U.S. 144, 181, 112 S. Ct. 2408;120 L.Ed.2d 120. it enables **States** to enact positive law in response to the initative of those who seek a voice in shaping the destiny of their own times, and it protects the liberty of all persons within a **States** by ensuring that law enacted in excess of delegated governmental power cannot direct or control their actions; See **Gregory v. Ashcroft,**501 U.S. 452, 458, 111 S. Ct. 2395, 115 L.Ed.2d 410. **Federalism's** limitations are not therefore a matter of rights belonging only to the **States.** In a proper case, a litigant may challenge a law as enacted in contravention of **federalism,** just as **injured individuals** may **challenge** actions that transgress, e.g., **separation-of-powers** limitations, see **e.g., INS v. Chadha,** 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317. The claim need not depend on the vicarious assertion of a States's constitutional ...

interests, even if those **interests** are also **implicated.** See(**EX. A pg. 6).**

[3.] In the District Court for the District of Columbia, the Plaintiff moves this Honorable Court to "Dismiss the Constitutionality of **Titles 18 & 21 U.S.C.** Charges against the **Plaintiff on Fifth & Tenth Amendment Ground,** contending the statute was beyond **Congress' Constitutional Authority to enact,** As follows;

## THE QUORUM AND GENERAL JOURNAL CLAUSE

[4.] **Article I.§5 CL. 1** of the Constitution of the United States provides that a majority of each [House] shall constitute a quorum to do [B]usiness." **Its** capacity to transact business is then established. The Supreme Court held over 117 years ago in **United States v. Ballin, Joseph & Co., 36 L.Ed. 321, 144 U.S. 1 (1892)** that **(1)** "[w]hen a law is found in the Secretary of State's office," **(2)** "properly authenticated,""**(3) "** the journal of the House shows that a majority or quorum of its members were present when the bill was passed, **(4)"** and that the presence of that quorum was determined in accordance with a valid rule of the House," (5)"and that a majority of that quorum voted in favor of the bill, it legally passed the House, and the law is beyond challenge.' In setting this five prong test for determining the validity of a **Public Law, the Ballin** Court also found that "The Constitution ( article 1, § 5) provides that "each house shall keep a journal of its proceedings," and that "yeas and nays" of the members of either house on any question shall at the desire of one fifth of those present, be enterd on the journal.''' **Id** 144 U.S.1@4.

## THE BILL VOTE JOURNAL CLAUSE

[5.] However, the *Ballin* Court overlooked the fact that in the case of a Bill, the Constitution of the united States provides an independent Journal Clause. Wherein at Article I, § 7 CL. 2 it prsecribes expressly that "in all such Cases the Votes of both Houses shall be determined by yeas and Nays, and the Names of the Persons voting for and against the Bill shall be entered on the Journal of each House respectively." Thereby imposing a non-discretionary mandatory duty upon both Houses of Congress "in the Case of a Bill" to enter "the Names of the Persons voting for and against the Bill" on their Journals respectively. The Bill Vote Journal Clause (article 1, § 7) which is clear that, in respect to the particular mode in which, or with what fullness, shall be kept the proceeding of both Houses relating to the Names of the Persons voting for and against a Bill, are expressly required to be entered on the journals. Unlike the General Journal Clause (article 1, § 5) which makes no reference expressly applying its journal mandate to the Case of a Bill or that it can be exercised in a manner contrary to, or in conflict any other provision of the Constitution. The Bill Vote Journal Clause (article 1, § 7) left no discretion to the respective Houses of Congress to exclude the Names of the Persons voting for and against the bill from being entered upon the journal. Its provisions are mandatory, the entry, showing who voted on the bill and how they voted, must be made before the bill can ever become a law. The United States Constitution does not allow the signatures of the presiding officers or any other power to cure such an omission.

[6.] "The men who framed [the Quorum, Vote and Journal Clauses] were great men-high in literary acquirements-high in their sense of honor, and incapable of asserting principles inconsistent with those on which they were acting. They perfectly understood the meaning of the language they used, and how it would be understood by others; and "if they did not want those who would come after them to look to the Journals of both Houses respectively as the ultimate proof as to whether they followed the procedures

which they prescribed in the Constitution for the United States of America to make a

Bill become a law, then they would have not prescribed the General Journal Clause

and the Bill Vote Journal Clause mandates. Wherein they used mandatory language to

## QUORUM CLAUSE VIOLATION

[7.]  Therefore, "[w]here, in order to determine whether an Act of Congress was legally passed, reference is had to the Journal of the House of Representatives, it must be assumed that the Journal speaks the truth." Id. Ballin 144 US @ 4. Furthermore, Kennedy v. Sampson, 511 F.2d 430 (D.C. Cir. 1974) is case law that points directly to **Article I, § 7** of the U.S. Constitution as the mandate which prescribes the procedures which Congress must follow in order for a law to be duly enacted. On May 12, 1947, the Journal of the U.S. House of Representatives contained in the Congressional Record shows that there was no recorded vote and that there were only 44 purported House Members present when the Vote on H.R. 3190 was taken by yeas and nays. (See, 93 Cong. Rec. 5049; H.Jour. 343-344 and compare it with 93 cong.Rec. 8392). The Journal and Congressional Record contains no entry of the Names of those Persons present (if any) but not voting; further demonstrating a lack of a Quorum to do that voting business.
[8.]  If we must "assume [the House Journal] to speak the truth", then in speaking the truth to power, by appealing to the Journal of the House (which is devoid of the names of those voting and not voting), we find that a Majority of its Members were not present when the H.R. 3190 Bill was passed on **May 12, 1947** by a 38 to 6 Vote. A Majority, as created by the Constitution's own definition of a Quorum, was not present, and those 44 **House Members** were without any authority to act upon any measure of the H.R. 3190 Bill Business. There were 435 **Members** chosen, sworn, living and enrolled in the House of Representatives on May 12, 1947. The Constitution (Article I, § 5, Cl. 1) required at least 218 of them to be presented in order for that H.R. 3190 Bill Voting Business to be legally done.

[9.] Therefore, it is competent to introduce the House Journal and the Congressional

Record transcript as proof that the *H.R. 3190* Act was not passed according to the

Quorum, Vote and Journal requirements of the U.S. Constitution, and they established

the fact that a majority of that House was not present when *H.R. 3190* was passed in

the absence of a quorum by a minority Vote on *May 12, 1947.* Contrary to "Rule 15

of the House providing that names of members sufficient to make a quorum in the hall

of the House who do not vote, shall be noted by the clerk and recorded in the journal,

and counted in determining the presence of a quorum." (See, 93 Cong. Rec. 5048-5049;

H. Doc. No. 769, 79th Cong., 2nd Sess., *Constitution, Jefferson's Manual and*

*Rules of the House* of Representatives of the United States, 80th Cong., G.P.O. 1947,

§ 54; and H. Doc. No. 355, 59th Cong., 2nd Sess., *Hinds' Precedents of the House*

of Representatives of the United States, Vol. IV, §§ 2895, 2904, 2932, 2962, 2963).

Notwithstanding the fact that the Constitution of the United States (article I, § 7, cl.2) [1]

imposes a non-discretionary mandatory duty "in the Case of a Bill,"that "the Names of

the Persons voting for and against the Bill shall be entered on the Journal of each House

respectively." Which was not done in the case of the *H.R. 3190* Bill. Thereby rendering

the enrollment of *H.R. 3190* as Public Law 80-772 a fraud, an unconstitutional act and

void. As it was put into Effect without being duly enacted in violation of Article I, § 5,

CL.1 and Articles I, §7, Cl. 2-3 of our U.S. Constitution by the 80th Congress contrary

to *Ballin* without a Quorum. Based on these reasons, the *H.R. 3190 Act* of Congress

failed to meet the five prong test for validity mandated in *Ballin, Id.,* 144 U.S. 1.

[10.] The case of *Field v. Clark*, 143 U.S. 649, 671, 672, 36 L.Ed. 294, 303, 12 S.Ct.

495, 497, was altogether different from the actual fundamental defects presented here. In

the *Field* case it was contended that a certain enrolled act of Congress in the custody of

the Secretary of State, and appearing upon its face to have become a law in the mode pre-

scribed by the Constitution of the United States, was to be deemed a nullity in all parts

describe their intent. "They spoke and acted according to the then established doc-

trines and principles, and in the ordinary language of the day, and no one misunder-

stood them. " The Constitution does not expressly require bills to be attested by the

signatures of the presiding officers of both Houses, but it does expressly require bills

to be passed by "a Majority""Vote" of "a Quorum" from "each House""and the Names

of the Persons voting for and against the Bill [to] be entered on the Journal of each

House respectively." The Constitution as the supreme Law of the Land expressly prohi-

bits Congress from legislatively amending any of its provisions except in the manner pre-

scribed in Article V and that only those Laws made in Pursuance of the Constitution shall

be a Law of the United States, as prescribed in *Article VI*, para. 2.

nay vote was not taken in the presence of a quorum or that the Names of the Persons vot-

ing for and against the Bill did not appear on the Journal or that the presiding officers of

both Houses signed the enrolled bill in the absence of a quorum.

[11.]  The *Field* case dealt solely, with the failure of Congress to follow one of its own

rules of procedure relating to the engrossing and enrolling of bills now codified as *1 USC

§ 106* (July 30, 1947, ch. 388, 61 stat. 634). A rule created under their discretionary au-

thority prescribed Article I, §5, cl.2 of the Constitution providing that "Each house may

determine the Rules of its Proceedings." However, neither House may not, by its rules,

ignore constitutional restraints nor violate fundamental rights or ignore mandatory provi-

sions. Congress cannot amend the Constitution, *Counselman v. Hitchcock*, 142 U.S.

547 @ 565(1891), or change the Meaning of Quorum, Vote, Journal, or some other

provision of the Constitution by creating a Rule, or a Resolution, or by Passing a Sta-

tute. By the same token, the judiciary may not amend the Constitution under the guise

of interpretation. *West Coast Hotel Co. v. Parrish*, 300 u.s. 379 @ 404(1937). The

Marshall Field Court, made it unequivocally clear, that its mandate does not apply to

a complete failure by either House of Congress to comply with any expressly mention-

ed mandatory provision outlined in the Constitution.

[12.]   Therefore, the 117 year old question from the *Marshall Field & Co. v. Clark*, 143 U.S. 649, 671, 672(1892) case, "[i]n regard to certain matters, the Constitution expressly requires that they shall be entered on the [Journal]. to what extent the validity of legislative action may be affected by the failure to have those matters entered on the journal?" Has already been answered, in the Case of a Vote on a Bill, the legislative action is invalid under the Supremacy Clause of Article VI of the Constitution for the United States of America. Where in the case of the H.R. 3190 Bill, the Journal is silent as to the Names of those Persons voting for, against and present but not voting on the H.R. 3190 Bill and the Record does not show the presence of a Majority during the Vote to make a Quorum. The Constitution also requires that each House keep a journal of its proceedings, which would show the required vote to pass a valid bill. Article I, § 5, cl. 3 and Article I, § 7, cl. 2, U.S. Constitution. *United States v. Richardson*, 418 U.S. 166, 198, 41 L.Ed.2d 678, 94 S.Ct. 2490(1974). "If the legislative Journals do not contain the requisite evidence of passage of a law, it is no law." *Post v. Kendall County*, 105 U.S. 667, 26 L.Ed. 204(1881). The signed fraudulently enrolled Bill, cannot be deemed as unimpeachable evidence of its own validity or passage. Where it is that fraudulent enrollment which has become the subject of the inquiry, "[t]he Journals of the legislature may be resorted to for the purpose of overthrowing the prima facie evidence of the Constitutional enactment of a law, furnished by the signatures of the presiding officers of the two houses." *Walnut v. Wade*, 103 U.S. 683, 26 L.Ed. 526(1880). Wherefore, in the case of the H.R. 3190 Bill, it is the 5 prong test of *Ballin*, 144 U.S. 1, which controls the question of validity, and not the Congressionally created enrolled bill rule of *Field*, 143 U.S. 649. Where, as here, a constitutional provision is implicated, the enrolled bill rule set out in *Field*, does not apply. See, *United States v. Munoz-Flores*, 495 U.S. 385,

392, 109 L.Ed.2d 384, 394, n. 4(1990). Where the enrolled bill does not state on its

face or in its enacting clause, that it was passed by a Majority vote in the presence of a

Quorum from both Houses, or where the enrolled bill shows on its face that the presid-

ing officers of both Houses signed it on a date that both Houses of Congress were not

*"sitting in regular or extraordinary session"* in the absence of a Quorum; and

where the Journal of the House does not show the Names of Members sufficient to

make a Quorum, or that a Majority or Quorum of its members were present when the

bill was passed, as required" by Constitution, Jefferson's Manual and Rules of the House

of Representatives, §§ 52-55. House Doc. No. 769, 79th Cong., 1st Sess.(G.P.O.

1947); and *"Hinds' Precedents* of the House of Representatives of the United States,

"Vol. IV, §§ 2895, 2904, 2932, 2962, 2963. House Doc. No. 355, 59th Cong. 2d

Sess..(G.P.O. 1907). Thereby rendering H.R. 3190 as Public Law 80-772, void ab

initio and no law of the United States of America. "The Constitution is the supreme

Law of the Land, and no act of Congress is of any validity which does not rest on

authority conferred by that instrument." An Act of Congress passed in violation of the

Constitution, or in disregard to its mandatory provisions, is to the extent of such re-

pugnance absolutely void. "Although none of the Constitution's commands explicitly

sets out a remedy for its violation, the principle that the courts will strike down a law

when Congress has passed it in violation of such a command is well settled. See,

e.g., *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803); *Scott v. Sandford*,

19 How. 393, 401-402(1857); *United States v. Germaine*, 99 U.S. 508, 510(1879);

and *Norton v. Shelby County*, 118 U.S. 425, 442 (1886). In order "[t]o survive

[judicial] scrutiny, the law must comply with all relevant constitutional limits." A law

passed in violation of the [Quorum] Clause would thus be no more immune from ju-

dicial scrutiny because it was signed by the President than would be a law passed in

violation of the First Amendment." See, *Id,* 495 U.S. @ 396-397.

## BOND V. UNITED STATES OVERRULES FIELD V. CLARK

[13.] The "Enrolled Bill Rule" of **Field** provides that an attested
enrolled Bill - one signed by the leaders of the House and Senate
establishes that Congress passed the text included theirin in a
constitutional manner and it should be deemed complete and unimpe-
achable. One of the most significant cases in recent history related
to **jurisdiction** and the right to challenge a federal statute was
ruled on by the **Supreme Court** on June 16, 2011 In **Bond v. United
States, No. 09-1227,** the **Supreme Court,** in a **9-0 decision,** ruled
that **Bond** had "**standing** to challenge a federal statute on grounds
that the measure **interferes with the powers reserved to States**" See
(**EX. A pg. 1-14**).

[14.] The Supreme Court further went on to say; "Anything in repu-
gnance to the Constitution is invalid or unlawful." **Bond, supra.**
The **Bond** ruling provides standing, pursuant to the **Tenth Amendment**
of the **United States Constitution,** to challenge **Title 18 U.S.C. §
3231,** for any alleged crime that could have been tried by the Sove-
reign **State** where they would have faced less time. **United States v.
Sharpnack,** 355 U.S. 286 (1957). The ruling also satisfies the case-or-
controversy requirement because incarceration constitutes a concrete
**injury.** Courts have used the Enrolled Bill Rule as an impediment to
claims of this nature ...**Bond** has now removed that impediment. In
arguing that the Government has acted in excess of the authority that
**federalism** defines, **Plaintiff** seeks to vindicate his own constitution-
al interests.

[15.] If the constitutional structure of the United States Government
that protects individual liberty is compromised, individuals who suffer

36

otherwise **justiciable injury** may object. **Bond** @ 11. **Plaintiff** is
not forbidden from objecting to **injury** resulting from disregard
of the federal structure of the United States Government. **Id.** Im-
permissible interference with **State** sovereignty is not within the
enumerated powers of the **National Government**. **New York v. United
States**, 505 US 144, 155-59, 112 S. Ct. 2408, 120 L.Ed.2d 120 (1992).
In arguing that the Government has acted in excess of the authority
that **federalism** defines, **Plaintiff** seeks to vindicate his own cons-
tutional interests. **Id.** @ 6. **Plaintiff** has a personal right not to
be convicted under a constitutionally invalid law. (**See** Fallon, As-
Applied and Facial Challenges and Third-Party Standing, 113 Harv.
L. Rev. 1321, 1331-1333 (2000): Monaghan, Overbreadth, 1981 Sup.Ct.
Rev. 1, 3, See also **North Carolina v. Pearce**, 395 US 711, 89 S. Ct.
2072, 23 L.Ed. 2d 656 (1969) (Black, J., concurring in part and
dissenting in part) (**"Due Process ...** is a **guarantee** that a **Man** should
be tried and convicte only in accordance with **Valid Law** of the **Land."**).
[16.] **Plaintiff** may assert that a law exceeds Congress' power because
it violates a Constitutional Clause. Whatever the claim, success on
the merits would require reversal of the conviction. "An offense creat-
ed by [an unconstitutional law]", the **Supreme Court** has held, "is not
a crime." **Ex Parte Siebold**, 100 US 371, 376, 25 L.Ed. 717 (1880). "A
conviction under [**such a law**] is not **merely** erroneous, but is illegal
and void, and cannot be a legal cause of imprisonment. " **Id.**, @ 376-77
, 25 L.Ed. 717. As Justice Ginsburg stated in concurrence to theopinion
in **Bond;** The Court must entertain the objection - and reverse the con-
viction even if the right to equal treatment resides in someone other
than the defendant. " **Eisenstadt v. Baird**, 405 US 438, 452-455, 92 S. Ct.

1029, 31 L.Ed.2d 349 (1972). A law "beyond the power of Congress", for any reason, is "no law at all." **Nigro v. United States**, 276 US 332, 341 (1928). The holdings in **Bond Over-Rules** the "**Enrolled Bill Rule**" that was Congressionally created in **Field**. Plaintiff's claim in this Petition demonstrates actual, concrete, and particular harm that is likely to be redressed by a favorable decision to coomport with all of the requirements of **ARTICLE III**.

### TITLE 18 PREDECESSOR INAPPLICABLE TO PUNISH CURRENT FEDERAL CRIMINAL VIOLATIONS

[17.] **Title 18** of the criminal code was originally passed by congress in 1909. That statute was very limited in the crimes it charged, and allowed 10 day good time/month and provided for parole after serving 1/3 of a sentence. Under the "Fair Warning Doctrine", that predecessor can-not now be invoked in existing federal cases.

[18.] The Fair Warning Doctrine invokes Due Process Rights and requires that a criminal statute at issue be sufficiently definite to notify persons of reasonable intelligence that their planned conduct is criminal. **United States ex re. Clark v, Anderson**, 502 **F.2d 1080 (3rd Cir. 1993)**(The notice requirements of Due Process would not permit a state, after ruling one of its criminal statutes was overly vage, to apply that statute's superseding predecessor statute in the very case which ruled the successor statute unconstitutional.).

[19.] The defendant, therefore, is foreclosed from arguing the Court would have jurisdiction by virtue of **Title 18**'s predecessor. The predecessor Law also failed to give the federal district Courts jurisdiction because the 1948 Law was meant to repeal the

1909 Act. Even further, the defendant can-not assert the Court would have jurisdiction by the predecessor statue because of the limited number of defined federal crimes under the 1909 Act.

## TWO (2) CLERKS FOR THE HOUSE OF REPRESENTATIVES
## DEFINITIVELY CONFIRMS QUORUM CLAUSE VIOLATIONS

[20.] **Jeff Trandahl, Clerk** of the **U.S. House** of **Representives**, has responded by letter to an inquire from Tennessee Congressman, Charles R. Deegan **(See EX. J)**. The letter, dated June 28, 2000, states;

[21] "Congress was in session on June 1, 3, 4, 7-12, 14-19, 1948, however **Title 18** was not voted on at this time."

[22.] Mr Trandahl, as Keeper of the Records for the House of Representatives, unequivocally, and irrefutably proves Congress was adjourned, sine die, when President Truman signed H.R. 3190.

[23.] A subsequent Clerk of the House of Representatives, Karen L. Haas, issued a letter on September 11 2006 **(See EX. K)**, that was even more conclusive and assertive than Mr. Trandahl's in stating:

"After conducting a thorough examination of the Journals, I found no entry in the journal of the House of any may 12, 1948, vote on the H.R. 1390 Bill; although pages 343-349 of the Journal of the House of Representatives for the 1st Session of the 80th ongress indicates that the Bill was amended, purportedly passed, and transmitted to the Senate for concurrence.

The Senate took no action on the H.R. 3190 Bill prior to the December 19, 1947, sine die adjournment.

Page 5049 of the Congressional Records, 80th Congress, 1st Session, indicates 44 members Voting 38 to 6 to amend H.R. 3190 on May 12, 1947. Therefore, by counting the total yea and nay vote, a Quoram was not present.

According to House Rules, when less than a Majority of a Quorum votes to pass a Bill, the Journal must show the names for the May 12, 1947, vote."

[24.] Ms. Haas' letter is in plain English. She clearly states that a Quarum was not present on May 12, 1947; the alleged date of the passage of H.R. 3190 by the House of Representatives. She, conclusively, proves a Legal Fiction which is indisputable by the defendant. Compare Ms. Haas' letter with Exhibit #1, the chart that tracked the progress of H.R. 3190 purportedly attested to by then Clerk, John Andrews, which shows the date of May 12, 1947 as the date the Bill passed the House of Representatives.

[25.] If the defendant elects to challenge the authenticity or content of the two (2) documents for the respective Clerks, then an Evidentiary Hearing will be required and is requested by the Plantiff because the documents have been submitted as authentic copies of the original and under penalty of perjury.

[26.] To further prove the Legal Fiction associated with H.R. 3190 Bill, see the Record of Congressional Sessions (EX. L). The first thing the Court should note is the dates of adjournment, the lenth of adjournment, and the number of Pocket Vetoes are all BLANK. Under footnotes #4, the Recocds reflects that Congress adjourned on July 27, 1947, under a "conditional final adjournment" resolution, (S.Con.Res. 33; 93 Cong. Re. 10400), and it was to stand in adjournment until January 2, 1948. The Record clearly states that adjournment was a **sine die** adjournment, and not an intrasession adjournment. Congress again convened on November 17, 1947, and adjourned, **sine die**, on December 19, 1947, where President Truman Pocket vetoed 19 Bills after adjournment of July 27,1947.

[27.] Footnote #5 clearly notes Congress adjourned June 19, 1948, under a "conditional final adjournment" resolution (H.Con.Res. 218: 94 Cong.Rec. 9158). Pursuant to that resolution, Congress was to stand in adjournment until December 31, 1948. Tha Record clearly states that the adjournment was **sine die** and not intrassession adjournment. On July 26, 1948, Congress convened pursuant to a proclamation of President Truman.President Truman pocket vetoed 14 14 Bills presented to him after the adjournment of June 20, 1948. This Record clearly proves **sine die** adjournment before the signing of H.R. 3190 Bill; which codified **Title 18.** This Recor clearly proves fraud.

## FEDERAL BUREAU OF PRISONS DIRECTOR
## OUSTED FOR LEAKED E-MAIL

[28.] Federal Bureau of Prisons Director, Harley G. Lappin, was recently ousted from his position because of an e-mail that was leaked. Because this issue is becoming more precisely known in the legal community, inmates in the BOP have been sending Administrative Remedy requests to the General Counsel of the Bureau of Prisons asking to be released from custody because of the unconstitutional enactment of H.R. 3190.

[29.] In an effort to ascertain the validity of the argument, Director Lappin took the initiative to investigate and contacted the Clerk of the House of representives to learn more about the legality of the custody of the inmates in the Bureau of Prisons. Below is the actual e-mail sent from Director Lappin:

From: "Harley G. Lappin" <harley.lappin@usdoj.gov> Sent: Monday, July 27, 20093:17 PM

[30.] "Attention all Department Heads, there has been a large volume of inmate Requests for Administrative Remedies questioning the validity of the Bureau's authority to hold or classify them under 18 U.S.C, §§ 4081, et seq., (1948). On the claim that Public Law 80-772 was never passed or signed In the presence of a Quorum or Majority of both Houses of Congress as required by Article I, § 5, Clause 1 of the Constitution, Although most courts have, thus far, retied on Field v. Clark, 143 U.S. 649(1892) to avoid ruling on the moots of these claims, However, there have been some which have stated that they were not bound by the Field case, but those cases did not involve any Quorum Clause challenge. So out of an abundance of caution, I contacted the Office of Legal

. Counsel, the National Archives and the Clerk of the House of Representatives to learn that there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See 93 Cong.Rec. 5049), and the record is not clear as to whether there was any Senate vote on the H,R. 3190 Bill during any session of the 80th Congress, There is only one Supreme Court case that says in order for any bill to be valid the Journals of both Houses must show that it was passed In the presence of a Quorum. See United States v. Ballin, Joseph & Co., 144 U.S. I, 3 (1892). The Clerk of the House states that the May 12, 1947 vote was a 'voice vote,' but the Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it's unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum. On May 12, 1947, a *presence* of 218 members in the hall of the House was required to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal. It appears that the 1909 version of the Federal Criminal Code has never been repealed. Therefore, in essence, our only true authority is derived from the 1948 predecessor to Public Law 80-772. **"Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory,"** according to the Supreme Court in the case of Thunder Basin Coal Co. v. Reich, 510 U,S, 200,215 (1994), Therefore, the Bureau under the advise of the Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Requests by stating ,that only the Congress or courts can repeal or declare a federal statute unconstitutional."

# Revised 10/11/11 ©2011

---

See Letter From Office of the Law Reblsion Counsel U.S. House of Representatives Washington D.C. 20515 & National Archive and Record ... Administration Office of the Federal Register (EX. M) which states; ... Title 21 of the United States Code (USC) has at no time been published, in part or in its entirety, in the Federa Register.

[31.] Mr. Lappin confirmed for himself, through direct contact with the Clerk for the House of Representatives "that there is no record of any Quoram being present during the May 12, 1947, Vote on the H.R. Bill in the House." The Clerk further elaborates "that that the May 12, 1947, Vote was a 'Voice', but the Parliamentarian of the House states that a Voice Vote is only valid when the Journals show that a Quorum is present and that it's **unlawful** for the Speaker of the House to sign any enrolled Bill in the absence of a Quorum."

[32.] Mr. Lappin recognized he was holding U.S. Citizens unlawfully and that he has the authority to free unconstitutionlly held prisoners in stating:

> "Although adjudication of the constitutionality of Congressional enactments has generally been thought to be beyond the jurisdiction of administrative agencies, this rule is not mandatory." **Thunder Basin Coal Co. v. Reich**, 510 US 200, 215 (1994).

[33.] Unfortunately for Mr. Lappin, his endeavor to ascertain the truth, cost him his career as Director of the BOP. He was doing the very thing he swore to do when he took his Oath of Office... Prptecting, Defending, and upholding the Constitution.

## NATURE OF RELIEF SOUGHT

[34.] Based upon the aforewritten facts, claims, and exhibits, Plaintiff requests the following relief from the Court:

1. To DECLARE UNCONSTITUTIONAL and, void ab initio, **Public Law 80-772**; which purports to enact 18 U.S.C. § 3231, the Act of June 25, 1948, Chapter 645, §1, 62 Stat. 848, allegedly conferring upon "the district courts of the United States...original jurisdiction...of all offenses against the laws of the United States."

2. To DECLARE UNCONSTITUTIONAL and, void ab initio, **Public Law 80-772**; which purports to enact 18 U.S.C. § 4007,the Act of June 25, 1948, Chapter 645, § 1 §, 62 Stat. 848, allegedly conferring upon the Attorney General authority for "the axpenses attendant upon the confinement of persons arrested or committed under the

laws of the United States, as well as upon the execution of any sentence of a court thereof respecting them, to be paid out of the Treasury of the United States."

3. To **DECLARE UNCONSTITUTIONAL** and, void ab initio, **P**ublic Law 80-772; which  purports to enact 18 U.S.C. § 4081-4086, the Act of June 25, 1948, Chapter 645, § 1, 62 Stat. 850-851, allegedly conferring upon the Attorney General authority to carry out the execution of sentences, classification and treatment of prisoners, and temporary safe keeping of federal offenders by Marshals.

4. To **ORDER** the defendant to answer the claims asserted in this Petition within 60 days pursuant to Federal Rules of Civil Procedure 12(a)(2) & (3).

5. To **ORDER** the **IMMEDIATE RELEASE**, forthwith, of Plaintiff from his unconstitutional confinement at the defendant's default, or when the Court finds the claims in this Petition to be the **TRUTH**.

6. To expunge the arrest and conviction from the records of the Federal Bureau of Investigation, the Federal Bureau of Prisons, the U.S. Marshal's Service, and the Department of Justice by issuing an **ORDER ERASE, DELETE, SHRED, AND DESTROY** from the electronic, magnetic tape, paper, or any other means of storage of data and records from the respective agencies.

7. Any other, further relief this Court deems, just, fair, legal and constitutional.

### CONSTITUTIONAL CLAIMS AGAINST DEFENDANT
#### Eric Holder (Bivens Claim)

[35.] The derelicition of duty and repudiation of Oath of office ascribed to defendant, Eric Holder, set forth in this Petition violated Plaintiff's Right to Due Process of Law under the Fifth & Tenth Amendment, because **H.R. 3190 (Public Law 80-772; which** codified **Title 18 USC** section 3231, part of the enactment of **Title 18),** was not passed or signed in the presence of a Quorum, but was signed into Postive Law in violation of the **Quorum, Vote, Presenrment, Resolution,** and **Adjournment Clauses** of the **United States Constitution; All Ancient Legal Treasures.**

[36.] The District Court's actions in trying, convicting, and sentencing Plaintiff were **"ULTRA VIRES"**, are **VOID,** and he is being illegally held in custody. **TAKE NOTICE THAT** the Constitution is the "Supreme Law of the Land." "It is the ultimate source of **all** federal, judicial power." **Romero v. International Terminal Operating Co.,** 358 US 354, 380, 79 S. Ct. 468 (1959). Any Jursidictions, Laws, or Statutes that run counter to or opposes the Constitution are **Null** and **Void."** **Marsbury v. Madison,** 5 US 137, 174-176, 2 L. Ed. 60 (1803).

[37.] Since it will be conclusively proven, through indisputable evidence, that **H.R. 3190** was **VOID AB INITIO, Plaintiff** fervently requests the Court render a **Judgment on the merits.**

> **Judgment on the merits.** A judgment based on the evidence rather than on technical or procedural grounds. (Black's Law Dictionary **8th Ed. pg. 860).**

[38.] The evidentiary documents presented herein, are authentic copies of the originals held in the National Archives of the House and Senate Journals and the Congressional Record.

### **✶✶CONCLUSION✶✶**

[39.] Plaintiff contends that the government lacked federal **subject matter jurisdiction** where no prohibitive acts or conducts of the Plaintiff moved beyond the borders of the **sovereign State,** not was the Plaintiff indicted via the government's charging instrument, for an alleged violation of the federal interstate commerce statute, thus the federal **GOVERNMENT LACKED FEDERAL SUBJECT MATTER JURISDICTION,** a sine qua non to the federal Prosecution of the offenses "alleged" against the Plaintiff.

[40.] The Plaintiff asserts prosecutorial **MISCONDUCT** and plain error,

52(b) F.R.C.P., in that the application was not within the scope of **Rule 7(c)(1), F.R.C.P.** to the **Indictment** in which was an amendment to cure the **Jurisdictional Requirement;** the **Indictment** failed to explicity, allege a nexus to commerce. See **United States v. Knowles**, 29 F.3d 947, 952 (5th Cir 1994).

[41.] **Plaintiff** asserts that "Res Judicata" consequences will not be applied to a void judgment that is one which, from its inception, is a complete nullity and without legal effect. **Allcock v. Allcock,** 437 N.E. 2nd 392 (ILL. APP;3 Dist).

[42.] **Plaintiff** contends that the District **(Tribunal) Court** of his conviction exercised "Jurisdiction" under 18 U.S.C. 3231. Apply not to the to the acts of congress, which are applicable only in the **District of Columbia. See Rule 54C).** Said Court mentions nothing in reference to common law or vice-admiralty, the only two **jurisdictions** mentioned in the constitution, the constitution mentions nothing that could be construed as **"JURISDICTION"** under **18U.S.C. 3231.** Totally absent all **jurisdictions** to **convict** this **Plaintiff. Wholly Void Of Jurisdiction.**

[43.] **Plaintiff** contends that this **HONORABLE COURT "Must"** find as a matter of law, that the Plaintiff is in custody and detained of his liberty in violation of the constitution of the United States for the [U]nited States of America, where the foregoing and the Courts own record supports that the **Federal Government Lacked Federal Legislative Jurisdiction Over The Plaintiff, The Locus In Quo From The Beginning Whereon The Purported Prohibitive Acts Were Alleged To Have Been Committed.**

46

[44.] **Plaintiff** contends that no **citizen** shall be imprisoned or otherwise detained by the United States except pursuant to an **ACT OF CONGRESS. (See 18 U.S.C. 4001 (a).).**

[45.] **Plaintiff's** challenge to his conviction and sentence "satis- fies the **case-or-controversy requirement,**Because the **incarceration constitutes a concrete injury,** caused by the **conviction** and redress- able by invalidation of the conviction. "**Spencer v. Kemna,**523 U.S. 1,7, 118 S. Ct. 978, 140 L.Ed.2d 43 (1998). Also (See EX. A pg.8 **Bond v. United States,** No. 09-1227).**

[46.] Furthermore, when **Bond** sought certiori In the United States Supreme Court, the Government advised the U.S. Supreme Court that its had chaged its position and that. in its view, **Bond** does have standing to challenge the Constitutionality of **18 U.S.C. §229** on **Tenth Amendment Grounds.**

[47.] The Supreme Court also states in a 9-0 decision in **Bond v. United States** in their ruling concur.    See (Ex. A pg 13-14).

## CONCUR

Concur by:  GINSBURG

JUSTICE GINSBURG, with whom JUSTICE BREYER joins, concurring. I join the Court's opinion and write separately to make the follow- ing observation, Bond, like any other defendant, has a personal right not to be convicted under a constitutionally invalid Law. See **Fallon,** As-Applied and Facial Challenges and Third-Party Standing , 113 Hary. L. Rev. 1321, 1331-1333 (2000); Monaghan, Overbreadth, 1981 Sup. Ct. Rev. 1,3. See also **North Carolina v. Pearce,** 395 U.S 711, 739, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969) (Black, J., con- curring in part and dissenting in part) ("Due process...is a guarantee that a **Man** should be tried and convicted only in accordance with valid **Laws** of the **Land.**").

In this case, **Bond** argues that the statute under which she was charged, 18 U.S.C. § 229, exceeds Congress' enumerated powers and violates the Tenth Amendment. Other <u>defendants</u> might assert that a <u>Law</u> exceeds ... Congress' power because it violates the Ex Post Facto Clause, or the Establishment Clause, or the Due Process Clause. Whatever the claim, success on the **merits** would require reversal of the conviction. "An offence created by [an <u>unconstitutional Law</u>]," the Court has held, is not a crime." Ex parte Siebold, 100 U.S. 371, 376, 25 L. Ed. 717(1880). "A conviction under [such a law] is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonmen." Id., at 376-377, 25 L. Ed. 717. <u>if a law is invalid as applied to the criminal defendant's conduct, the defendant is entitled to go free.</u>
For this reason, a court has no "prudential" license to decline to consider whether the <u>statute</u> under which the defendant has been charged lacks constitutional application to her conduct. And that is so even where the constitutional provision that would render the conviction void is directed at protecting a party not before the Court. Our decisions concerning criminal laws infected with discrimination are ... illustrative. The Court must entertain the objection -- and reverse the conviction -- even if the right to equal treatment resides in someone other than the defendant, See <u>Eisenstadt v. Baird,</u> 405 U.S. 438,

452-455, 92 S. Ct. 1029, 31 L.Ed. 2d 349 (1972) (reversing conviction for distrbuting contraceptives because the law banning distribution violated the recipient's right to equal protection): cf. <u>Craig v. Boren,</u> 429 U.S. 190, 192, 210, 87 S. Ct. 451, 50 L.Ed.2d 397, and n. 24 (1976) (law penalizing sale of beer to males but not females aged 18 to 20 could not be enforced against vendor). See also <u>Grayned v. City of Rockford</u>, 408 U.S. 104, 107, n. 2, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972): <u>Welsh v. United States</u>, 398 U.S. 333, 361-362, 90 S. Ct. 1792, 26 L. Ed. 2d 308 (1970) (Harian, J., concurring in result) (reversal required even if, going forward, Congress would cure the unequal treatment by extending rather than invalidating the criminal proscription).
In short, a law "beyond the power of Congress," for any reason,is"no law at all." <u>Nigro v. United States</u>, 276 U.S. 332, 341, 48 S. Ct. 388, 72 L. Ed. 600 (1928). The validity of **Bond's** conviction depends

upon whether the Constitution permits Congress to enact **18 U.S.C. § 229. Bond** claim that it does not must be considered and decided on the **merits. See (EX. A pg. 13-14).**

[48.] In this instant **Petition**, the **facts** and **evidence overwhelmingly supported**, this said **Petition** is **supported** with **greater details attached** with **EXHIBITS** and also **(Declaration)** that its **signed** by the **Plaintiff** under **oath/penalty** of **perjury**, **Plaintiff** has conclusively **proven**, through concrete **evidence** and **beyond** any **doubt**, that **H.R. 3190 (Which Codified Title 18)**, has been put **into effect** in **violation** of the **QUORUM, VOTE, JOURNAL, PRESENTMENT, RESOLUTION,** and **ADJOURNMENT CLAUSES** of the **U.D. Constitution.** It is a **Due Process Violation** to claim that any **Law** violating the **Constitution** is **valid.** Furthermore, **H.Cong.Res. 219** was not presented to **President Truman** before allowing it to take **effect** and **H.Cong.Res. 219** did not deal solely with a question of adjournment, but dealt with engrossing, enrolling and signing of **Bill after adjournment, in violation of 1 U.S.C. §§101-106 (1947)** of the **Laws** of the **United States** that were in effect prior to putting **H.Cong.Res. 219 into effect.**
[49.] **Therefore, H.R. 3190 (Publci Law 80-772)** has been enacted in violation of House Rules and the Constitution of the United States. This Court is bound by it **Commission to declare is to.**
[50.] For these reason, and for the reasons set forth in Plaintiff Fletcher's Bivens Action Complaint to dismiss the Constitutionality of **Titles 18 & 21 U.S.C.** charges on **Fifth & Tenth Amendment grounds,** the Court should vacate the judgment and sentence.

DATED: **March 8, 2012.**

Respectfully submitted,

/s/ *Lester Fletcher*

Lester Fletcher

**49**

I declare (or certify, verify, or state), under penalty of perjury, that the foregoing is true and correct pursuant to **Title 28 U.S.C. §1746.**

DATED: <u>March 8, 2012.</u>

/s/ *(signature)*
Lester Fletcher
Plaintiff-Petitioner
USP-Hazelton
P.O.Box 2000
Bruceton Mills, WV 26525

## CERTIFICATE OF SERVICE

I certify that on **March 8, 2012**, I mailed a true copy of the foregoing "Motion to Waive or Excuse Filing Fee", "Bivens Action Complaint to Dismiss the Constitutionality of **Titles 18 & 21 U.S. C. Charges** on **Fifth & Tenth Amendment Grounds,** Motion for Order Staying or Suspending the Execution of sentence pending outcome of Bivens Action", and "Motion for default judgment pursuant to **F.R. Ci.P. 55(b)(2)(C) & (D)** or in the Alternative, Judgment on the Merits" was delivered to the United States District Court for the District of Columbia & Eric Holder United States Department of Justice at the following address;

Clerk of the Court,
United States District Court
For the District of Columbia
E. Barrett Prettyman Courthouse
Washington, D.C. 20001

Eric Holder
United States Department
Of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

/s/ *(signature)*
Lester Fletcher

**APPENDIX**

Table of Contents

**Exhibit A**   United States Supreme Court on June 16, 2011, **Carol Anne Bond Petitioner v. United States, No. 09-1227,** Supreme Court, in a 9-0 decision, granted certiorari.

**Exhibit B**   U.S. District Court, District of Maryland (Greenbelt) **CRIMINAL DOCKET FOR CASE #:8:05-cr-00179-PJM-1**

**Exhibit C**   History Of Bills Enacted Into Public Law **(80th CONG. 2D SESS.)** Pages D556 & D557, December 31, 1948

**Exhibit D**   House Congressional Record, Page 5049, May 12, 1947

**Exhibit E**   Hind's Precedents Of The House Of Representatives § 2962

**Exhibit F**   House Congressional Record, Page 8392, July 7, 1947

**Exhibit G**   Hind's Precedents Of The House Of Representatives §3458

**Exhibit H**   Signatory Page Of The Clerk Of The House Of Representatives, John Andrews, Attesting To The Purported Passage Of **Title 18 USC.**

**Exhibit I**   Face And Signatory Page Of Public Law **80-772** Bearing The Signatures Of The Honorable Arthur H. Vandenberg, President Pro Tempore Of The Senate, The Honorable Joseph W. Martin, Jr., Speaker Of The House, And The Most Honorable Harry S. Truman **(2 Pages)**

**Exhibit J**   Letter From The Clerk For The House Of Representatives, Jeff Trandahl

**Exhibit K**   Letter From The Clerk For The House Of Representatives, Karen Haas

**Exhibit L**   Dates And Types Of **ADJOURNMENTS** For The **1st** And **2nd** Sessions Of The **80th Congress**

**Exhibit M**   Letter From Office Of The Law Reblsion Counsel U.S. House Of Representatives Washington D.C. 20515 **&** National Archive And Records Administration Office Of The Federal Register Which States; **Title 21 U.S.C.** Has At No Time Been Publisd In Part Or In Its Entirety, In The <u>Federal Register</u>.