UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 12 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Lester Fletcher, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. **12 0569** |
| Eric Holder, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is an inmate at the United States Penitentiary Hazelton in Bruceton Mills, West Virginia, suing Attorney General Eric Holder under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This action captioned "Bivens Action Complaint to Dismiss the Constitutionality of Titles 18 & 21 U.S.C. Charges on Fifth & Tenth Amendment Ground" is at best a challenge to the criminal statutes under which plaintiff was convicted. *See* Compl. at 4-5; *Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted).

Plaintiff has stated no claim against Attorney General Holder because *Bivens* claims are against federal officials in their individual capacity only, *see Bivens*, 403 U.S. at 395-97;

*Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 368-69 (D.C. Cir. 1997), and liability attaches only when it is shown that the official was personally and directly responsible for the alleged constitutional violations. *See Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993). Plaintiff has not stated any facts directly implicating the Attorney General in any wrongdoing – nor can he credibly do so. Hence, the complaint will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

                                                                               _____
                                                                               United States District Judge

Date: March 27, 2012